# UNITED STATES COURT OF APPEALS

## FOR VETERANS CLAIMS

## IN RE: VETERANS CLAIMS ASSISTANCE ACT OF 2000

**November 13, 2000**

Misc. No. 4–00

Before KRAMER, *Chief Judge*, and FARLEY, HOLDAWAY,
IVERS, STEINBERG, and GREENE, *Judges*.

### ORDER

Pursuant to the authority of 38 U.S.C. § 7264(a) and Rules 2, 36, and 41(a) of the Court's Rules of Practice and Procedure (Rules), the Court has determined that there is a need to issue a general order because the Veterans Claims Assistance Act of 2000, Pub. L. No. _____, ___ Stat. ____ (Nov. 9, 2000) [hereinafter VCAA] (including specifically but not limited to new sections 5103 ("Notice to claimants of required information and evidence") and 5103A ("Duty to assist claimants") as added to title 38, United States Code, by section 3 of that Act), may affect the disposition of many appeals. Accordingly, the Court suspends the application of certain rules in particular cases and, in order to direct appropriate proceedings, it is

ORDERED that as to an appeal in which a disposition of the Court has been issued as of the date of the enactment of the VCAA that affirmed in whole or in part a decision of the Board of Veterans' Appeals: (1) If judgment has not been entered, the Clerk of the Court shall withhold judgment until further order of the Court; or (2) if judgment has been entered but has not become final under 38 U.S.C. § 7291 and no appeal or petition is pending before a superior tribunal, the Clerk shall recall that judgment. It is further

---

NOTICE: Court rules and related materials supplied by the courts are included. Since all rules and amendments may not have been supplied, the clerk of the appropriate court should be consulted to determine the current rules.

ORDERED that, effective on the date of the enactment of the VCAA, and until further notice of the Court, as to any appeal (1) any party, or the parties jointly, may (without leave of the Court or unless otherwise ordered by the Court) file, and serve under Rule 25(c), a motion or other paper addressing the potential applicability of the VCAA to the disposition of that appeal; and (2) Rule 28(g) (Citation of Supplemental Authorities) is suspended as to the VCAA. It is further

ORDERED that, if a party files a motion or other paper in accordance with the above ORDERED paragraph, an opposing party may file a response within 30 days after service of that motion or other paper. Failure of the opposing party to file a timely response may be considered that party's consent to any action recommended in that motion or other paper. It is further

ORDERED that any motion or other paper filed pursuant to this order must conform to the page and typeface limitations set forth in Rule 32(b) and (g) for reply briefs.

This order shall take effect immediately.

DATED: November 13, 2000

BY THE COURT:
KENNETH B. KRAMER
Chief Judge